MR. JUSTICE GROVES
delivered the opinion of the Court.
The People bring an interlocutory appeal from the district court’s order suppressing drugs surrendered by the defendant, as well as statements he made, after he was stopped and frisked. We affirm.
At approximately 11:00 p.m. on October 24, 1977, Officers Polak and Baldwin of the Denver Police Department were on patrol. The officers were part of a Denver Special Crime Attack Team which was constituted to handle burglaries and investigate burglary reports. Upon turning a corner in the vicinity of Dakota and South Washington Streets in Denver, the officers saw four youths, several of whom appeared to be underage, carrying beer bottles. The officers stopped all four youths, including the defendant, asked them for and received proof of identification, and conducted “pat-down” searches of each. The officers’ testimony indicated that the defendant was not carrying any beer and that he produced identification upon demand.
Officer Polak testified that he conducted the “pat-down” search for his own safety. During the search, the officer felt a hard object in the defendant’s jacket pocket. He asked the defendant what the object was. The defendant replied that it was medication and at the same time pulled out a plastic bag of approximately 100 pills. Subsequent analysis showed that they were phenobarbitol pills.
The district court ruled that there was a legitimate basis for the stop, but that the frisk was invalid since no circumstances surrounding the stop provided a rational basis for suspecting that the defendant was armed. We agree.
Reasonableness is the standard by which the validity of a stop and frisk is determined. Usually, a stop is upheld only when it was based “upon some articulable suspicion that the citizen was recently engaged, or was about to engage in criminal conduct.” People v. Casias, 193 Colo. 66, 563 P.2d 926 (1977). Here the officers believed that juveniles were in possession of liquor in violation of section 12-46-112(e), C.R.S. 1973 (1978 Repl. Vol. 5). Therefore, the initial stop was reasonable, as were the officers’ requests for identification.
*444 A valid stop does not automatically justify a subsequent frisk. For a frisk to be valid,
“[t]here must be (a) some reason for the officer to confront the citizen in the first place, (b) something in the circumstances, including the citizen’s reaction to the confrontation, must give the officer reason to suspect that the citizen may be armed and, thus, dangerous to the officer or others, and (c) the search must be limited to a frisk directed at discovery and appropriation of weapons and not at evidence in general.” People v. Navran, 174 Colo. 222, 483 P.2d 228 (1971).
See also, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Sibron v. New York and Peters v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).
We have already concluded that the first condition established in Navran, supra, was satisfied. The trial court made a finding that the second criteria was not met. This was properly within the court’s discretion and we should not and do not disturb it.
In view of the conclusion above, it is unnecessary to reach the People’s contentions regarding the limited nature of the search.
Since the evidence in question was obtained pursuant to the invalid search and subsequent arrest, it was properly suppressed as the fruit of an invalid search.
We, therefore, affirm the suppression order.
MR. JUSTICE CARRIGAN and MR. JUSTICE ROVIRA do not participate.